IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT A. HEBERT,

        Petitioner,               No. CIV S-08-2358 GGH P

    vs.

JOHN MARSHALL, et al.,

        Respondents.         <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed this action on October 6, 2008, but is proceeding on the amended petition filed January 15, 2009. Petitioner challenges his 2003 conviction for assault with force likely to produce great bodily injury and battery with serious injury. He is serving a sentence of seven years.

        Both parties have consented to the jurisdiction of the undersigned. <u>See</u> court file docs. 4, 10.

        Pending before the court is respondent's April 10, 2009, motion to dismiss on grounds that this action is barred by the statute of limitations. For the following reasons, respondent's motion is granted.

\\\\\

On June 26, 2009, respondent filed a motion for an extension of time to file a reply to petitioner's opposition. Good cause appearing, respondent's motion is granted and the reply is deemed timely filed.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The California Supreme Court denied petitioner's petition for review on November 16, 2005. Respondent's Lodged Document 4. Petitioner's conviction became final 90 days later on February 14, 2006, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999). Petitioner had one year from that date to file a timely federal petition. The instant action is not timely unless petitioner is entitled to statutory or equitable tolling. Petitioner indicates at times that he believes that subsection D applies to his case, i.e., the AEDPA limitations period does not commence until the factual predicate of the claim could or should have been known. However, it is clear from the opposition that petitioner was well aware of the factual predicates of all his claims; he complains only that he was not aware of the legal significance of such, e.g., that he

was prejudiced. See Opposition at 8. This latter "legal unawareness" does not trigger subsection D. See Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) ("This is not to say that [petitioner] needed to understand the legal significance of those facts-rather than simply the facts themselves-before the due diligence (and hence the limitations) clock started ticking."). Thus, Subsection A applies to this case.

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section. In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999). The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005.

Giving petitioner the benefit of the mailbox rule, the court finds that he filed his first state habeas petition in the California Court of Appeal on August 9, 2006. Respondent's Lodged Document 14. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000). On September 7, 2006, the California Court of Appeal denied this petition by order citing In re Hillery, 202 Cal.App.2d 293 (1962). Respondent's Lodged Document 6. Giving petitioner the benefit of the mailbox rule, the court finds that he filed a habeas petition in the Sierra County Superior Court on September 24, 2006. Respondent's Lodged Document 7. On October 16, 2006, petitioner filed an amended petition. Respondent's Lodged Document 8. On January 19, 2007, the Superior Court denied the petition in a reasoned decision. Respondent's Lodged Document 9.

1          Petitioner next filed a petition in the California Court of Appeal which is file
2  stamped July 11, 2007.  Respondent's Lodged Document 10.  This petition contains two proofs
3  of service, one dated June 13, 2007, and another dated June 4, 2007.  Id.  However, petitioner
4  signed the petition on June 14, 2007.  Giving petitioner the benefit of the doubt and the benefit of
5  the mailbox rule, the court finds that this petition was filed on June 4, 2007.  On August 30,
6  2007, the California Court of Appeal denied the petition without comment or citation.
7  Respondent's Lodged Document 11.

8          Petitioner next filed habeas corpus petition in the California Supreme Court which
9  is file stamped March 17, 2008.  Respondent's Lodged Document 12.  The proof of service
10 attached to this petition is dated March 11, 2008.  Id.  On September 17, 2008, the California
11 Supreme Court denied the petition without comment or citation.  Respondent's Lodged
12 Document 13.

13         Respondent argues that the first petition filed in the California Court of Appeal
14 was not properly filed for purposes of 28 U.S.C. § 2254(d)(2).  This petition, although somewhat
15 difficult to understand, appears to have raised claims of ineffective assistance of appellate and
16 trial counsel and prosecutorial misconduct. The California Court of Appeal denied the petition by
17 citing In Re Hillery, which held that a California Court of Appeal has discretion to refuse to issue
18 a writ of habeas corpus as an exercise of original jurisdiction on the ground that application has
19 not been made in a lower court in the first instance, where there is no showing in the petition that
20 any extraordinary reason exists for action by the Court of Appeal rather than by the Superior
21 Court.

22         The undersigned has previously found that a citation to Hillery demonstrates that a
23 state habeas action was not properly filed pursuant to 28 U.S.C. § 2254(d)(2).  See Ramirez v.
24 Campbell, CIV S-06-1257 FCD GGH P.  The court has since reconsidered this position and finds
25 that a Hillery citation does not mean that a petition is improperly filed.
26 \\\\\

1          The California Constitution provides that each of the three levels of state courts – Superior Courts, Courts of Appeal, and the Supreme Court – has "original jurisdiction in habeas corpus proceedings." Cal. Const. art. VI, § 10. A California habeas petitioner may file an original application for habeas relief in a Superior Court, a Court of Appeal, or the Supreme Court. See, e.g., In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509 (1993) (petitioner's first habeas application was filed in California Supreme Court). A Court of Appeal has "discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court" (i.e., in a Superior Court), but the Court of Appeal need not do so. See In re Steele, 32 Cal.4th 682, 10 Cal.Rptr.3d 536 (2004) (citing, inter alia, In re Ramirez, 89 Cal.App.4th 1312, 108 Cal.Rptr.2d 229 (2001) (a Court of Appeal "'has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made therefor in a lower court in the first instance'") ( quoting In re Hillery, 202 Cal.App.2d 293, 20 Cal.Rptr. 759 (1962))).

          An application is "properly filed" pursuant to 28 U.S.C. § 2254(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000). Because the California Constitution permits a habeas petitioner to file an original application for habeas relief in a Superior Court, a Court of Appeal, of the California Supreme Court, petitioner's state petition filed in the California Court of Appeal was properly filed, and the denial by the appellate court with citation to In re Hillery, was an exercise of the appellate court's *discretion* to decline original jurisdiction and to require petitioner to first seek review of his claims in the superior court. The fact that a denial without prejudice was discretionary does not sufficiently connote an "improper" filing. See Romero v. Ryan, 2007 WL 4984060 (S.D.Cal. 2007) (citation to Hillery does not mean petition was improperly filed); Calderon v. Kane, 2008 WL 508462 (E.D.Cal. 2008) (citation to Hillery does not mean petition was improperly filed); but see Perez v. Felker, 2006 WL 2792412 (E.D.Cal. September 27, 2006) (citation to Hillery means petition was not properly filed); Hill v. Yates, 2006 WL 224419 (E.D.Cal. January 30, 2006) (citation to Hillery means petition not properly

filed).

For the reasons discussed above, petitioner is entitled to statutory tolling for the time his first petition was pending in the California Court of Appeal. Respondent next argues that the first petition filed in the Superior Court was not "properly filed" because it was filed on the wrong form. The Superior Court began its opinion denying petitioner's habeas petition with a paragraph noting that the petition was not filed on the proper form:

> It is noted at the outset that the petition is not on the official Judicial Council form, requiring its denial under Cal. Rules of Ct., Rule 4.551(a). Petitioner presents no reason for excusing this requirement. Regardless, petitioner fails to set forth a prima facie case for relief on any of his claims, requiring denial in any event.

Respondent's Lodged Document 9, p. 1.

The Superior Court then spent 6 ½ pages addressing the merits of petitioner's claims.

"A petition is properly filed so as to toll the statute of limitations when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 7-8, 121 S.Ct. 361, 363-364 (2000).

While the Superior Court faulted petitioner for not using the proper form, it did not deny the petitioner on this ground, and it went on to address the merits of his claims in a lengthy, reasoned opinion. Under these circumstances, the comments by the Superior Court regarding petitioner's use of the wrong form are more properly characterized as a scolding. Had the Superior Court intended to deny the petition for use of the wrong form, it would have clearly so stated. For this reason, the court finds that the petition filed in Superior Court was properly filed.

Respondent goes on to argue that the third and fourth state habeas petitions do not qualify for statutory tolling because they were filed after the expiration of the limitations period.

This argument presumes that the petition filed in Superior Court was not properly filed. Accordingly, this argument is without merit.

In the reply to the opposition, respondent argues that petitioner is not entitled to statutory tolling for the third and fourth state petitions because they were not timely filed. The second petition filed in the California Court of Appeal was filed approximately four and one-half months after the denial of the earlier Superior Court petition. The petition filed in the California Supreme Court was filed just over six months after the denial of the second petition by the California Court of Appeal.

State petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807 (2005). In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay ... and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 197, 126 S.Ct. 846, 852 (2006). In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201, 126 S.Ct. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., quoting Saffold, 536 U.S. at 219.

Petitioner is clearly not entitled to statutory tolling for the petition filed in the California Supreme Court as it was filed more than six months after the California Court of Appeal denied the earlier petition. The second petition filed in the California Court of Appeal, although filed "only" four and one-half months after the denial of the earlier Superior Court petition, was still filed well more than 30 to 60 days after the earlier petition was denied. The delay is not excusable especially since petitioner had quite a bit of practice by this time in filing petitions in the state courts.

1   Accordingly, the court finds that petitioner is not entitled to statutory tolling for
2 the second petition filed in the California Court of Appeal.
3   In summary, petitioner had 365 days from February 14, 2006 in which to file his
4 federal petition with periods of statutory tolling excluded from "used days."
5 1.  From 2/14/06-8/9/06 (time of first filing in Court of Appeal) petitioner used **144** days of his
6 365;
7 2.  From 8/9/06-1/19/07 – statutory tolling;
8 3.  From 1/20/07- 6/4/07- (time between Superior Court decision and "second" decision of the
9 Court of Appeal not tolled because too lengthy a delay) petitioner used **136** more days of his 365
10 days;
11 4.  From 6/04/07-8/30/07 statutory tolling while petition was actually pending in the Court of
12 Appeal);
13 5.  From 8/31/07-3/11/08 (time between Court of Appeal decision and filing in the California
14 Supreme Court not tolled because too lengthy) petitioner used another **194** days – **limitations**
15 **period expired during this period**.
16 Petitioner further lost 29 days prior to filing his federal petition after the ruling of the state
17 supreme court, but these untolled days are simply additive to an already expired limitations
18 period.
19   In his opposition, petitioner argues that he is entitled to equitable tolling because
20 his state appellate lawyer failed to give him all of the exhibits associated with his case.  Petitioner
21 also appears to argue he is entitled to equitable tolling because he had difficulty obtaining
22 medical records supporting his claims.  Petitioner observes that the Superior Court denied some
23 of his claims because he failed to include the supporting medical records.
24   The one year statute of limitations for filing a habeas petition may be equitably
25 tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a
26 petition on time."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The prisoner must

1 show that the "extraordinary circumstances" were the cause of his untimeliness. <u>Stillman v.</u>
2 <u>LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir. 2003). "Indeed, the threshold necessary to trigger
3 equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Miranda v.</u>
4 <u>Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner "bears the burden of showing that this
5 extraordinary exclusion should apply to him." <u>Id.</u> Determining whether equitable tolling applies
6 is a "fact-specific" inquiry. <u>Fry v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001).

7   In his opposition, petitioner does not identify which specific exhibits and/or
8 records he was missing that prevented him from pursuing his claims in state court. Nor does
9 petitioner state when or if he ever acquired these exhibits. For that reason, the court finds that
10 petitioner has not demonstrated that his difficulty in obtaining these records, whatever the cause,
11 made it impossible for him to file a timely federal petition.

12   In the reply, respondent also observes that letters to petitioner from his trial and
13 appellate lawyers attached as exhibits to his opposition also undermine this claim for equitable
14 tolling based on counsels' alleged failure to provide him with the records. In a letter dated
15 September 2, 2005, to petitioner, his appellate counsel states that he sent petitioner the entire
16 record, including the transcript from the <u>Marsden</u> hearings. Opposition, Exhibit A. Appellate
17 counsel informs petitioner in this letter that the record on appeal normally does not include
18 exhibits, photos and medical reports. <u>Id.</u> Appellate counsel also states that he did not receive
19 any of these documents in petitioner's case. <u>Id.</u>

20   Also attached as an exhibit to petitioner's opposition is a letter to him dated
21 September 5, 2002, from trial counsel. This letter states that counsel is in possession of
22 additional discovery received from the District Attorney. Court file doc. 15, p. 46 of 52.
23 Counsel states that it would be his pleasure to forward the materials to petitioner but he wants to
24 make sure that he has the correct mailing address. <u>Id.</u> These letters suggest that petitioner's
25 alleged inability to obtain exhibits was unrelated to any actions by his trial or appellate counsel.
26 \\\\\

In his opposition, petitioner claims that he requested the missing exhibits from the Superior Court. Attached to the opposition as exhibit D is a letter from petitioner to the Superior Court dated September 6, 2005, in which he states that he recently received the reporter's transcript from appellate counsel. Petitioner states that several exhibits were not included in the documents received from appellate counsel and requests that the documents be sent to him if they are part of the "normal record." If the exhibits are not part of the "normal record," and he needs to make a formal request under Rule 31.1, petitioner requests that the court let him know. Also attached is a letter dated January 3, 2006, to the Sierra County Superior Court Clerk from petitioner requesting all exhibits from his case pursuant to the Freedom of Information Act. Court file 15, pp. 35-36.

Also attached to the opposition as an exhibit to the opposition is what appears to be page 2 of a letter to petitioner dated April 19, 2006, from Jan Hamilton, Court Executive Officer. This letter states that she is enclosing 6 exhibits from the April 21, 2004, hearing, a copy of the court's docket and minutes from Marsden hearings. Court file doc. 15, p. 31 of 52. The letter concludes that the court is not provided with a copy of discovery as that material is shared between the prosecution and the defense. Id.

These letters demonstrate that petitioner attempted to obtain copies of the exhibits he claims he needed before he filed the habeas petition in the Superior Court on September 27, 2006. However, these letters do not explain why petitioner waited five and six months to file his later petitions in the California Court of Appeal and California Supreme Court.

Accordingly, for the reasons discussed above, the court does not find that petitioner is entitled to equitable tolling based on his difficulty in obtaining exhibits and/or records.

In his opposition, petitioner argues that the court should consider his claims because he is actually innocent. Petitioner argues that he was involuntarily intoxicated and acted in self-defense. Opposition, pp. 13-17. Petitioner's actual innocence claim is a blend of

ineffective assistance of counsel arguments, alleged evidentiary errors, and alleged insufficiency of the evidence – all of which, if true, had to have been known by the time of sentencing. In any event, petitioner does not present a clear and cogent case for actual innocence, and presents nothing in the way of a clear demonstration of actual innocence. Even if petitioner had raised an actual innocence claim, upon analysis of the AEDPA statute itself, the undersigned concludes that actual innocence does not provide an exemption to bringing claims in a diligent fashion.

Neither the Supreme Court nor the Ninth Circuit has yet reached the conclusion that the strenuous Schlup "fundamental miscarriage of justice standard" is adequate to override or even to be applied to the statute of limitations set forth in the AEDPA statute. Reply, pp. 3-4, citing Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir. 2002).

Majoy does not answer the question, should petitioner fall within that "narrow class implicating a fundamental miscarriage of justice[,] ....whether surviving the rigors of this gateway has the consequence of overriding AEDPA's one-year statute of limitation...." Majoy v. Roe, 296 F.3d at 776. Indeed, the Majoy court expressly found that that question had not been reached either in the Ninth Circuit or by the U.S. Supreme Court, id., *and that it was premature for the Majoy court to decide the legal issue unless and until the district court found that its petitioner could actually pass through the Schlup gateway*. The district court was to have first crack at the legal issue as well. Thus, the undersigned finds this case in precisely the same posture as Majoy at the time of remand.[1]

The U.S. Supreme Court has yet to finally determine that actual innocence itself implicates a federal constitutional right entitling a petitioner to release upon proof of same. See, District Attorney's Office for Third Judicial District v. Osborne, ___ U.S.___, 129 S. Ct. 2308, 2321-2322 (Jun. 18, 2009), where the high court notes that it has "assumed, *arguendo*, that it exists while also noting the difficult questions such a right would pose and the high standard any

---

[1] The undersigned is unaware of any published opinion after remand.

claimant would have to meet," citing, inter alia, House v. Bell, 547 U.S. [518,] 554-555, 126 S. Ct. 2064 [, 2086-87 (2006)]; Herrera v. Collins, 506 U.S. [390,] 398-417, 113 S. Ct. 853[, 869-70) (1993)].

This court has at times noted in the context of the equitable tolling inquiry that the limitations period may be equitably tolled, or simply not applied, in a situation where the habeas petitioner makes a colorable demonstration of actual innocence. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (intimating that the AEDPA limitations period may be unconstitutional if a claim of actual innocence were at stake); United States v. Zuno-Acre, 25 F. Supp. 2d 1087, 1099-1100 (C.D.Cal. 1998) (holding that there is a "miscarriage of justice gateway" to non-application of the AEDPA limitations period). Some courts have suggested that dismissal of actual or legal innocence claims on grounds that they are barred by the statute of limitations violates the Suspension Clause (U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus may not be suspended, unless when in Case of Rebellion or Invasion the public Safety may require it.")). See Rodriguez v. Artuz, 990 F.Supp. 275, 283 (S.D.N.Y. 1998), affirmed, 161 F.3d 763 (2nd Cir. 1998) ("where no claim of actual or legal innocence was raised, as long as the procedural limits on habeas leave petitioners with some reasonable opportunity to have their claims heard on the merits...[there is no] suspension of the writ.") See also Johnson v. Knowles, 541 F.3d 933 (9th Cir. 2008), where the parties assumed the applicability of Schlup to a statute of limitations issue, and so therefore did the court. Nevertheless, the authority from other circuits dispels the preliminary blush that the AEDPA limitations statute has an omnibus, unwritten, actual innocence exception.

The First Circuit has opined, in David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003):

> Nothing is changed here by David's claim of actual innocence, a claim itself derived from his mistaken-colloquy argument. In general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming: pre-trial motions must be filed on time, timely appeals must be lodged, and habeas claims must conform to AEDPA. In particular, the statutory one-year

limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such an escape hatch.

The court is persuaded by the David rationale that claims of actual innocence are required to be brought diligently the same as any other claim.  See also, Araujo v. Chandler, 435 F.3d 678, 681 (7th Cir. 2005) (finding "actual innocence" claim must fit within the provisions of § 2244(d)(1)(D) to be timely and that petitioner did not exercise due diligence in bringing facts of claim to federal court)[2]; Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (while not holding that actual innocence is irrelevant in the equitable tolling context, finding that a petitioner would, at a minimum, have to show diligence); Cousin v. Jenning, 310 F.3d 843, 849 (5th Cir. 2002) (finding no explicit exemption for actual innocence claim under § 2244(d) and such claims relevant to timeliness only if they warrant equitable tolling of the limitations period); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("actual innocence claim ...does not constitute a 'rare and exceptional circumstance....'").

Indeed, the AEDPA statute of limitations *does not even commence to run* until the factual predicate for the claim could have become known with reasonable diligence.  28 U.S.C. § 2244(d)(1)(D).  It becomes absurd to think that one who knows, or should know, of a claim for actual innocence may pocket the claim, and only spring it years or decades after the fact.  In essence, a suspension or ignoring of the AEDPA statute of limitations is not necessary for claims of actual innocence.

Petitioner must have had knowledge of the factual predicate of his factual innocence claim at the time he was convicted.  Under that circumstance, his lack of diligence precludes him (and *should* preclude him) from proceeding at present.  Congress anticipated newly discovered factual predicates, including those for actual innocence claims, and provided for such in the AEDPA limitations statute itself.

---

[2] The Seventh Circuit has also determined that "actual innocence is not a freestanding exception to the statute."  Araujo, supra, at 682.

13

Thus, in a situation, for example, where DNA evidence is newly discovered, or a new testing procedure is discovered, which was not available at the time of trial, or even initial post-trial proceedings, and which would prove actual innocence, the AEDPA limitations period would not start to run until the discovery of such evidence or procedure. But there is no reason to allow a petitioner to sit on such evidence after discovery until such time as petitioner feels the time is right to bring it. For this reason, petitioner's claim of actual innocence does not justify excusing the statute of limitations.

For the reasons discussed above, the court finds that this action is barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's June 26, 2009, motion for extension of time (no. 17) is granted;

2. Respondent's April 10, 2009, motion to dismiss (no. 12) is granted.

DATED: September 14, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

heb2358.mtd